Lawrence-Berrey, J.
¶31 (concurring) — I concur in our conclusion that Spokane Valley Fire Department’s (SVFD) internal electronic employee communication (IEEC) policy[6] did not violate Jonathan Sprague’s First Amendment free speech rights. U.S. Const, amend. I. I write separately to address one of the worthy points discussed by our dissenting colleague.
¶32 The dissent would find a violation of Mr. Sprague’s free speech right to the extent SVFD prohibited Christian view postings that discussed topics addressed in its IEEC.
¶33 SVFD permitted Mr. Sprague, during work hours, to discuss his Christian views with his colleagues both verbally and through his personal e-mail. What SVFD prohibited was employees using its IEEC for nonbusiness purposes. Mr. Sprague knew SVFD’s policy. SVFD repeatedly warned him that his postings violated its policy. Yet Mr. Sprague continued his postings. For this, he was terminated.
¶34 The dissent correctly acknowledges that SVFD could constitutionally limit its employees’ free speech to the extent reasonably necessary to avoid liability under the *34 First Amendment’s establishment clause. The dissent concludes that SVFD did not strike a reasonably necessary balance and would remand for additional findings. I disagree. As explained below, the balance struck by SVFD was reasonably necessary.
¶35 Berry v. Department of Social Services, 447 F.3d 642 (9th Cir. 2006) is instructive. In that case, Daniel Berry worked for Tehama County’s Department of Social Services (Department), assisting unemployed and underemployed clients in their transition out of welfare programs. Id. at 645-46. His work required him to conduct client interviews, over 90 percent of which took place in his personal cubicle. Id. at 646. Mr. Berry described himself as an evangelical Christian and thus required to share his faith. Id. Upon his hiring, the Department told Mr. Berry that it had a policy that prohibited employees from talking about religion with clients and the agencies its employees contacted. Id. Similar to this case, the policy allowed employees to discuss religion with other employees. Id. However, the policy prohibited displays of religious items in areas such as cubicles, which were visible to clients. Id. at 647. The Department director also prohibited Mr. Berry from using a specific conference room for prayer meetings, which was a nonwork purpose. Id. at 646. Dissatisfied with these restrictions, Mr. Berry sued the Department. Id. at 647-48.
¶36 The district court granted summary judgment for the Department, and the Ninth Circuit affirmed. Id. at 645. In affirming, the Ninth Circuit applied the Pickering[7] balancing test. Id. at 645-46, 648. That test recognizes that public employees do not lose the free speech rights they enjoy as citizens. Id. at 648. The test also recognizes that government, in its capacity as an employer, has interests in regulating the speech of its employees that differ significantly from those it possesses in connection with regulating the speech of its citizens. Id. (quoting Pickering, 391 U.S. at *35 568). These rights must be reconciled and, in doing so, courts must balance “ ‘the employee’s right to engage in speech and the government employer’s right to protect its own legitimate interests in performing its mission.’ ” Id. (quoting City of San Diego v. Roe, 543 U.S. 77, 82, 125 S. Ct. 521, 160 L. Ed. 2d 410 (2004)). In addition, avoiding an establishment clause violation may be a compelling state interest, justifying an abridgement of free speech otherwise protected by the First Amendment. See Good News Club v. Milford Cent. Sch., 533 U.S. 98, 112-13, 121 S. Ct. 2093, 150 L. Ed. 2d 151 (2001); Lamb’s Chapel v. Ctr. Moriches Union Free Sch. Dist., 508 U.S. 384, 394, 113 S. Ct. 2141, 124 L. Ed. 2d 352 (1993). The Ninth Circuit concluded:
[T]he Department’s concern with an Establishment Clause violation is well taken. The Department’s clients seek assistance from Mr. Berry in his capacity as an agent of the state. Accordingly, they may be motivated to seek ways of ingratiating themselves with Mr. Berry, or conversely, they may seek reasons to explain a perceived failure to assist them. It follows that any discussion by Mr. Berry of his religion runs a real danger of entangling the Department with religion. . . . We conclude that under the balancing test, the Department’s need to avoid possible violations of the Establishment Clause of the First Amendment outweighs the restriction’s curtailment of Mr. Berry’s religious speech on the job.
Berry, 447 F.3d at 650-51 (emphasis added).
¶37 Here, Mr. Sprague was permitted to discuss his Christian views with his colleagues during work hours, both verbally and through his personal e-mail. He was merely prohibited from using SVFD’s IEEC for nonbusiness purposes. Such a restriction curtailed, but only to a small degree, Mr. Sprague’s free speech rights. SVFD had a reasonable concern that a failure to restrain Mr. Sprague’s postings could lead non-Christian employees to feel marginalized, thus exposing it to establishment clause liability in the event an employee reasonably believed this marginalization affected his or her terms or conditions of employ *36 ment. Although such a concern might not be significant, neither was the abridgement of Mr. Sprague’s free speech right. If we had to reach the issue, I would hold that here, SVFD successfully navigated between the Scylla of not respecting Mr. Sprague’s free speech right and the Charybdis of exposing it to establishment clause liability by appearing to endorse a particular religious view.

 SVFD has two forms of nonpublic IEEC—by internal e-mail and by internal electronic bulletin board. The business-only policy applies to both.

 Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d 811 (1968).